**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

Donovan Robinson,                                    Civil No. 05-2287  ADM/AJB

                      Plaintiff,

                                              **REPORT AND RECOMMENDATION
v.                                            ON MOTION FOR DEFAULT JUDGMENT**

Lynn Dingle, et al.,

                      Defendants.


        This action is before the United States Magistrate Judge for Report and

Recommendation on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55  [Docket

Nos. 15, 16, and 17].[1]   Plaintiff is a prisoner incarcerated at MCF–Oak Park Heights.  Defendants are

the warden and various employees at MCF–Oak Park Heights.  Plaintiff filed a pro se complaint for

violation of civil rights under 42 U.S.C. § 1983.  The complaint alleges violation of plaintiff's

constitutional rights with respect to his placement in administrative segregation.  Plaintiff seeks

compensatory and punitive damages, as well as release from segregation.

        By Order dated October 5, 2005, plaintiff was granted IFP status and the U.S.

Marshals were instructed to complete service upon return of U.S. Marshals Service Forms 285 from

the plaintiff.  Defendants acknowledged receipt of the summons and complaint by mail on December 6,

2005.  Plaintiff moved for default judgment on December 8, 2005, based upon the contention that

---

        [1]  Plaintiff has filed a motion for default judgment [Docket No. 15], and two separate
"requests" for entry of default judgment [Docket Nos. 16 and 17].

defendants failed to timely answer.  Defendants responded to the motion for default judgment by requesting that plaintiff voluntarily withdraw the motion.  Defendants observed that plaintiff was construing the date upon which the U.S. Marshals mailed the complaint, November 8, 2005, as the date upon which the 20 days for service of the answer commenced, though that date actually signaled only the beginning of the 20-day period which the defendants were permitted to provide acknowledgment of service.  An additional 20 days for service of the answer is thereafter allowed.

Fed. R. Civ. P. 4(e) provides that service be effective pursuant to the law of the state in which the district court is located, and Minnesota Rule of Civil Procedure 4.05 states that service by mail is ineffectual if acknowledgment of service is not received by the sender within the time defendant is required to serve an answer.  Since service was not acknowledged within 20 days after mailed service, the service was ineffective and plaintiff is not entitled to default judgment, but rather, must attempt service again.  Meanwhile, defendants correctly indicated that if plaintiff continued to demand strict compliance with the applicable rules as suggested by his demand for default judgment, re-service would be required.  However, defendant would be willing to acknowledge proper service if the plaintiff withdrew the default motion and defendants in fact filed a joint answer on January 30, 2006.  Plaintiff did not respond to defendants' request for withdrawal of the default motion.

Based upon the foregoing discussion and the entire record in this matter, the Magistrate Judge makes the following:

## RECOMMENDATION

The Magistrate Judge **hereby recommends** that plaintiff's motion for default judgment and his requests for entry of default judgment be **denied** [Docket Nos. 15, 16, and 17].  It is **further**

**recommended** that defendants' joint answer be deemed to have been timely served and filed on

January 30, 2006, and defendants' motion for extension of time to file the answer be found **moot**

[Docket No. 25].


Dated:   January 31, 2006


                                         s/ Arthur J. Boylan
                                         Arthur J. Boylan
                                         United States Magistrate Judge


       Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 13, 2006.